**SAWYER & LABAR LLP**
Adrian Sawyer, State Bar No. 203712
sawyer@sawyerlabar.com
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

**GIBBS & BRUNS LLP**
Anthony Kaim *(pro hac vice pending)*
akaim@gibbsbruns.com
Caitlin Halpern *(pro hac vice pending)*
chalpern@gibbsbruns.com
Nick Beachy *(pro hac vice pending)*
nbeachy@gibbsbruns.com
Elisa Wulfsberg *(pro hac vice pending)*
ewulfsberg@gibbsbruns.com
1100 Louisiana St # 5300
Houston, TX 77002
713-650-8805 *(phone)*
713-750-0903 *(fax)*
*Attorneys for Defendant X Corp.*

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

INVENTEC CORPORATION,

Plaintiff,

v.

X CORP.,

Defendant.

Case No. 3:26-cv-05145-WHO

**DECLARATION OF ANTHONY KAIM IN SUPPORT OF DEFENDANT X CORP.'S MOTION TO DISMISS AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT 1 TO X'S MOTION TO DISMISS (CIV L.R. 7-11 & 79-5)**

Date: August 12, 2026
Time: 2:00 pm
Courtroom: 2, 17th Floor

Judge: William H. Orrick

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

I, Anthony Kaim, declare and state under penalty of perjury as follows:

1. I am a partner at the law firm Gibbs & Bruns LLP ("**Gibbs & Bruns**") representing Defendant X Corp. ("**Defendant**" or "**X**") in this matter.

2. I make this declaration in support of Defendant's Motion to Dismiss ("**Motion to Dismiss**") and Defendant's Administrative Motion to File Under Seal Exhibit 1 to X's Motion to Dismiss ("**Administrative Motion**"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

3. Attached here as **Exhibit 1** is a true and correct copy of Product Exhibit No. 1 – F6IVT dated December 3, 2021 ("**Product Exhibit**"), executed by X and Plaintiff Inventec Corp. ("**Plaintiff**" or "**Inventec**"), and incorporated into the Master Purchase Agreement between X and Inventec ("**MPA**," attached as Exhibit 1 to Inventec's Complaint, ECF No. 1-1). Attached here as **Exhibit 2** is a true and correct copy of Inventec Invoice U320001889.

4. I understand that requests for sealing in the context of dispositive motions are analyzed under the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Material should be sealed under the heightened "compelling reasons" standard to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (*id.*), as well as to prevent court records from becoming "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). X has reviewed and complied with the Court's Standing Order on Administrative Motions to File Under Seal and Civil Local Rule 79-5.

5. X requests to seal Exhibit 1 because the MPA requires as much. The Product Exhibit was incorporated into the MPA, which provides that the parties may not "use or disclose" any "Confidential Information" for the five years after the MPA terminates. MPA § 7.1. That period is

in effect. Accordingly, improper public disclosure of Confidential Information, as defined in the MPA, could result in a breach of the confidentiality obligations under Section 7.

6. The Product Exhibit is, or contains, Confidential Information in at least two ways. The first basis is that "Confidential Information" is defined to include information "regarding … technology, designs, techniques, research, know-how, specifications, product plans, pricing, customer information, user data, current or future strategic information, current or future business plans, policies or practices, employee information, and other business and technical information" that is "proprietary information exchanged between the parties" and that "by its nature or content is reasonably distinguishable as confidential or proprietary to the receiving party[.]" MPA at 1. Under this part of the definition, the Product Exhibit is plainly Confidential Information because it details X's technical requirements and component configuration for web servers. It spells out the servers' hardware specifications down to the manufacturer product number of each component, and is replete with sensitive information on the features and capabilities of X's servers. It also contains, for example, X's technical support requirements, the process and requirements for product testing, and other information on X's policies, practices, and business plans.

7. Even setting the MPA aside, the Product Exhibit should be sealed because it contains X's sensitive business and commercial information, including the details of the design of X's web servers and X's policies and business plans related to such servers. I understand that X considers and treats this information as confidential and does not disclose this information publicly. I understand the public disclosure of this information would harm the competitive standing that X has earned through years of innovation and dedication and create a risk of injury. Namely, it may give X's competitors insight into X's business operations and technical details—insight that X does not have about its competitors. I understand that, if X's competitors gain access to this information, it could allow them to gain a competitive advantage in the marketplace. Accordingly,

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

if the information in the Product Exhibit was made public, X's competitive standing would be harmed. There are no less restrictive means to ensure X's information remains confidential and cannot be used to harm its interests.

8. Counsel for X sought Inventec's stipulation to the relief requested in X's Administrative Motion to Seal on Monday, June 29, 2026, and did not receive a response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on June 30, 2026 in Houston, Texas.

By: /s/ *Anthony Kaim*____________
Anthony Kaim